1
2
3
4          **UNITED STATES DISTRICT COURT**

5          **DISTRICT OF NEVADA**

6

7    JANE DOE,                                        )

8                       Plaintiff,                    )         Case No. 2:14-cv-00979-RFB-GWF
                                                      )
9    vs.                                              )         **ORDER**
                                                      )
10   JBF RAK LLC, a foreign corporation,              )
     CHEERAG B. ARYA, a foreign citizen, *et.al.*,    )
11                                                    )
12                      Defendants.                   )
     _____ )

13          This matter is before the Court on Plaintiff's Motion to Proceed Anonymously (#31), filed

14   on July 23, 2014.  Defendants filed their Opposition to the Motion to Proceed Anonymously (#32)

15   on July 30, 2014.  Plaintiff's Reply (#47) was filed July 30, 2014.  Also before the Court is the

16   Plaintiff's Motion to Unseal Complaint (#52), filed on August 25, 2014.  Defendants filed their

17   Opposition to Plaintiff's Motion to Unseal Complaint (#55) on September 3, 2014.  Plaintiff's

18   Reply (#57) was filed on September 10, 2014.

19                                        **BACKGROUND**

20          The Court incorporates the background set forth in Order (#30), filed on July 18, 2014.  As

21   set forth in that order, the Court partially granted Defendants' motion to seal the complaint subject

22   to reconsideration by the Court.  At the time the order was entered, Plaintiff had not yet served the

23   complaint on Defendants and it appeared possible that the complaint might never be served.  The

24   Court stated that the complaint would remain sealed until "this action proceeds further in the

25   litigation process," at which time "the balance will shift in favor of full public access to the factual

26   details of the complaint."  *Order (#30), pg. 13: 2-3.*  The complaint has since been served, or

27   arguably served, on the Defendants.  On August 15, 2014, Defendants JBF RAK, LLC and Cheerag

28   B. Arya filed a motion to dismiss and to strike improper pleadings.  Defendants argue that the

complaint should be dismissed on the following grounds: (1) lack of personal jurisdiction over the Defendants in this forum, (2) dismissal pursuant to the doctrine of *forum non conveniens*, (3) lack of proper service on Defendants under federal and United Arab Emirates (UAE) law, and (4) failure to state a claim on which relief can be granted under U.S. or foreign law. *Motion to Dismiss and Strike Improper Pleadings (#50, #51).* Defendants' motion has been fully briefed and is awaiting decision by the District Judge.

The complaint alleges that Plaintiff and the principal individual Defendant entered into a personal relationship by telephone, text messages and email in November 2012 which continued in that manner until late January 2013 when they met in person in Las Vegas for the first time. Plaintiff alleges that during a meeting on January 25, 2013, Defendant became intoxicated and conducted himself in an inappropriate manner. Plaintiff does not allege that Defendant committed any physical or sexual assault against her during that encounter. *Complaint*, ¶¶ 11-12. Defendant thereafter provided Plaintiff with expensive gifts, including expensive jewelry, watches and handbags. He also allegedly promised to purchase luxury automobiles for the Plaintiff. ¶¶ 14, 17-19. During a subsequent meeting with Plaintiff in Switzerland in March 2013, the Defendant again became intoxicated, was verbally abusive to the Plaintiff and demanded and obtained the return of expensive items he had given her. ¶ 20. Defendant thereafter apologized for his conduct and gave additional expensive gifts to Plaintiff. ¶ 23-25. Plaintiff alleges that during a private airplane trip with Defendant in April 2013, he again became intoxicated and behaved in an inappropriate manner. Plaintiff does not allege that Defendant was verbally or physically abusive to her during this trip. ¶ 27.

Plaintiff alleges that on or about July 11, 2013 while she was in India with the Defendant, he physically attacked her and caused bruising and injury to her. ¶ 40. Plaintiff alleges that she subsequently engaged in communications with Defendant's relatives and associates who advised her that Defendant was attempting to control his behavior and asked her to give him another chance. ¶¶ 41-46. Plaintiff alleges that on August 2, 2013, Defendant again became intoxicated, physically forced Plaintiff to leave their joint hotel room and stated that he wanted "20 men to rape" her. ¶ 47. After further communications with Defendant and receiving additional gifts from

2

1   him, Plaintiff alleges that she traveled to Dubai to meet with Defendant in September 2013. ¶¶ 48-
2   50.  During this visit, she signed a contract of employment with Defendant. ¶ 52.  Defendant,
3   however, again engaged in excessive alcohol consumption and Plaintiff was forced to leave. ¶ 54.
4   This incident was also followed by further apologies from the Defendant, promises to correct his
5   behavior and additional expensive gifts or promises of expensive gifts. ¶¶ 56-62.

6          Plaintiff alleges that she traveled to Dubai in November 2013 to meet with Defendant.
7   Plaintiff alleges that while riding in the backseat of a Bentley automobile with Defendant in Dubai,
8   he strangled and choked her. ¶ 65.  The pattern of apologies, gifts and promises to reform was
9   again repeated. ¶¶ 67-71.  Plaintiff returned to Dubai in late January 2014.  Plaintiff alleges that on
10  January 30, 2014, Defendant entered her separate bedroom without warning and physically attacked
11  and attempted to sexually assault her. ¶ 73.  Plaintiff alleges that as a result of Defendant's
12  conduct, she suffered physical pain and mental anguish, including a diagnosis of P.T.S.D. (post-
13  traumatic stress disorder). ¶¶ 93-94.  Plaintiff seeks to recover damages for her allegedly physical
14  and mental injuries.  She also seeks to recover the gifts or value of the gifts that Defendant either
15  promised her or which he forced her to return.

16         The parties' positions on Plaintiff's motions to proceed anonymously and to unseal the
17  complaint are mirror opposites.  Plaintiff wants to unseal the complaint in its entirety on the
18  grounds that the public is entitled know the full nature and extent of her allegations against
19  Defendants.  She desires to proceed anonymously, however, to avoid the humiliation and trauma
20  that she will allegedly suffer if her true identity is publicly disclosed.  Defendants argue that
21  Plaintiff should be required to litigate under her true name.  They argue that it is unfair and
22  prejudicial that they are publicly subjected to infamy while Plaintiff is protected from such
23  consequences by the cloak of anonymity.  Defendants also request that the previously sealed
24  allegations of the complaint remain under seal.  Defendants argue that it is uncertain whether this
25  case will ever be adjudicated on the merits, and it is therefore still premature to unseal the
26  complaint in its entirety.
27  . . .
28  . . .

3

**DISCUSSION**

1.     __Plaintiff's Motion to Proceed Anonymously__.

Rule 10(a) of the Federal Rules of Civil Procedure states that the "complaint must name all the parties."  The Ninth Circuit has interpreted this provision, in conjunction with the common law right of public access to judicial proceedings, to generally require the plaintiff to state his or her true name in the complaint.  *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  The court noted, however, that "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Id.* "In this circuit we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.*, quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981).  The court held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing that party's identity.  *Id.* 214 F.3d at 1068.  The court noted that other circuit courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, (2) when anonymity is necessary to privacy in a matter of sensitive and highly personal nature, and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct thereby risking criminal prosecution. *Id.*

In *Does I through XXIII v. Advanced Textile Corp.*, the plaintiffs' motion to proceed anonymously was based on their fear of retaliation by their employers and others if their identities were disclosed.  The court stated that the following factors should be evaluated in such cases: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation.  214 F.3d at 1068.  In *Doe v. Kamehameha Schools/Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010), which also involved the alleged fear of retaliation, the court reformulated the balancing test as follows:  "[A] district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the

4

prejudice to the opposing party, and (5) the public interest."  In *Doe v. Kamehameha Schools/Pauahi Bishop Estate*, the threat of retaliation was not posed by the defendants, but rather by some members of the community who were outraged by the plaintiff's lawsuit.  Based on a balancing of the foregoing factors, the court affirmed the district court's decision that plaintiffs' fear of retaliation was not reasonable and therefore did not outweigh the prejudice to defendant or the public interest.

This case does not involve an alleged fear of retaliation if Plaintiff's identity is publicly disclosed.  Plaintiff's identity is known to the Defendants.  There is no evidence that Defendants have attempted to retaliate against her because of this lawsuit, but even if they did, "the retaliation would not be prevented by allowing Plaintiff to proceed anonymously at this point."  *CTH 1 Caregiver v. Owens*, 2012 WL 2572044, *4 (D.S.C. 2012).  District courts in the Ninth Circuit have held that the five factor test in *Doe v. Kamehameha Schools/Pauahi Bishop Estate* does not apply in cases that do not involve a reasonable fear of retaliation if plaintiff's identity is disclosed.  *Doe v. County of Eldorado*, 2013 WL 6230342, *2 (E.D.Cal. 2013); *Doe v. Penzato*, 2011 WL 1833007, *3 (N.D.Cal. 2011).

The Ninth Circuit has not adopted any specific set of factors that courts must consider when a plaintiff requests anonymity based on the alleged humiliation, embarrassment or mental distress that she will suffer by public disclosure of her identity.  In general, federal courts balance the severity of emotional distress or mental injury the plaintiff appears likely to suffer against the unfairness or prejudice that defendant will suffer if plaintiff is allowed to proceed anonymously, and the public's interest in knowing the identities of all litigants.

In *Doe v. Penzato*, 2011 WL 1833007 (N.D.Cal. 2011), the plaintiff, a foreign national, was employed as a caretaker for the defendants' children.  The plaintiff alleged that she was forced to work in excess of 60 hours a week without rest breaks, was restricted in her ability to come and go from the house, and was sexually assaulted by the husband defendant who threatened to cancel her visa.  In granting plaintiff's motion to proceed anonymously, the court cited the Seventh Circuit's statement in *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) that "fictitious names are allowed when necessary to protect the privacy of children, rape

victims or other particularly vulnerable parties or witnesses."  The *Doe v. Penzato* court also stated

that "'the public generally has a strong interest in protecting the identities of sexual assault victims

so that other victims will not be deterred from reporting such crimes.'  *Doe No. 2 v. Kolko*, 242

F.R.D. 193, 195 (E.D.N.Y. 2006); *see also Doe v. Evans*, 202 F.R.D. 173, 176 (E.D.Pa. 2001)

(granting anonymity to sexual assault victim)."  *Id.* at *3.  The court found that the plaintiff's

privacy interest outweighed the prejudice to defendants.  The court noted that the defendants "face

public exposure regardless of whether plaintiff's identity is made public and the allegations against

them would remain the same."  *Id.* 2011 WL 1833007, at *4.  The court also stated that there was

no evidence that the defendants had been contacted by the media or any other interested parties

inquiring about the litigation.  The court found that the public's interest in the plaintiff's identity

was outweighed by the public's interest that victims of sexual assault not be deterred from

reporting such crimes or pursuing their civil rights because of fear of embarrassment or public

stigma.  *Id., *5.

Courts are arguably more likely to permit a plaintiff to proceed anonymously if the motion

is supported by testimony from a psychologist, psychiatrist or other mental health professional that

plaintiff will suffer additional mental trauma if her identity is publicly disclosed.  In *Doe v. Kolko*,

242 F.R.D. 193 (E.D.N.Y. 2006), the plaintiff sued a rabbi and a Yeshiva school, alleging that he

was sexually abused while a minor student.  The plaintiff stated that he suffered from post

traumatic stress disorder, bipolar disorder, and depression and would experience psychological

harm if his identity was revealed in the lawsuit.  This claim was supported by a declaration from his

psychiatrist.  In granting the plaintiff's motion, the court noted that courts have granted anonymity

protection in cases involving matters of utmost intimacy, including claims of sexual assault.  *Id.*

242 at 196.  In distinguishing cases that declined to grant anonymity, the court stated:

> Moreover, none of the cases cited by defendants where courts denied
> the request of a victim of sexual assault to proceed anonymously
> involved assault on a child or specific evidence of emotional or
> psychological harm that would result from disclosure of plaintiff's
> identity.  *See Doe v. Hartz*, 52 F.Supp.2d 1027 (N.D.Iowa 1999);
> *Doe v. Shakur*, 164 F.R.D. 359 (E.D.N.Y. 1996); *Doe v. Bell Atlantic
> Bus. Sys. Servs.*, 162 F.R.D. 418 (D.Mass. 1995); *Doe v. Univ. of*

6

*Rhode Island*, 28 Fed.R.Serv.3d 366, 1993 WL 667341(D.R.I.
Dec.28, 1993).

242 F.R.D. at 197.

In holding that plaintiff's interest in anonymity outweighed the prejudice or unfairness to the defendants, the court noted that defendants had already been subjected to adverse publicity as a result of allegations made by other alleged victims, and that defendants had not identified any media coverage or publicity that arose specifically from plaintiff's complaint.  The court therefore found that any additional prejudice to defendant's reputation as a result of plaintiff's pursuit of his lawsuit under a pseudonym was minimal.  *Doe v. Kolko*, 242 F.R.D. at 198.

In *Doe v. Evans*, 202 F.R.D. 173 (E.D.Pa. 2001), the plaintiff sued the Commissioner of State Police and other defendants for alleged sexual assault committed upon her by a state trooper. In granting plaintiff's motion to proceed anonymously, the court cited several factors, including that (1) plaintiff had taken steps to keep her identity in the lawsuit confidential from close friends and family members, (2) that she had a well-founded fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of the events, and (3) the public's interest in protecting the identities of sexual assault victims who will feel more comfortable suing to vindicate their rights, especially where law enforcement officers are involved. The court in *Doe v. Kolko*, 242 F.R.D. at 195, also noted that courts are more willing to protect the anonymity of plaintiffs where the defendant is a governmental entity which does not have the same reputational interest to protect as does a private litigant.

In *Doe v. Cabrera*, 2014 WL 4656610 (D.D.C. 2014), the plaintiff sued a professional athlete for an alleged sexual assault which was graphically described in the complaint.  The court applied a five factor test in deciding whether plaintiff's motion to proceed anonymously should be granted.  The court considered: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent nonparties, (3) the ages of the persons whose privacy interests are sought to be protected, (4) whether the action is against a

governmental or private party, and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *Id.* at *3. In granting the plaintiff's motion, the court was impressed by the severity of the mental distress plaintiff alleged she had suffered and the set-back to her recovery that would potentially occur if her identity was publicly disclosed. *Id.* at *5. The court noted that the factors of age and defendant's status as a private individual weighed against granting the plaintiff anonymity. The court held, however, it would not be unfair or prejudicial to defendant if plaintiff was permitted to proceed under a pseudonym for pretrial purposes.

The courts in the foregoing cases gave greater weight to the potential harm that the plaintiffs would suffer if their identities were disclosed, and the deterrent effect that this would have on other potential plaintiffs, than to the unfairness or prejudice that allowing anonymity causes to the defendants. The contrary view is set forth in cases such as *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996); *Doe v. Hartz*, 52 F.Supp.2d 1027 (N.D. Iowa 1999); *Doe v. Bell Atlantic Business Systems Services, Inc.*, 162 F.R.D. 418 (D. Mass. 1995); *Doe v. University of Rhode Island*, 1993 WL 667341 (D.R.I. 1993); and *Rose v. Beaumont School District*, 240 F.R.D. 264 (E.D. Tex. 2007).

In *Doe v. Shakur* the plaintiff sued a well known public figure who had already been convicted of criminal charges arising from the sexual abuse of the plaintiff. In denying the plaintiff's motion to proceed anonymously, the court stated that the case was "a difficult one." The court stated that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault. Quite understandably she does not want to be publicly identified and has very legitimate privacy concerns." The court held, however, that these legitimate concerns were outweighed by the following considerations:

> First, plaintiff has chosen to bring this lawsuit. She has made serious charges and has put her credibility in issue. Fairness requires that she be prepared to stand behind her charges publicly. *See Bell Atlantic*, 162 F.R.D. at 422.
>
> Second, this is a civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests. This is not a criminal case where rape shield laws might provide some anonymity to encourage

8

victims to testify to vindicate the public's interest in enforcement of our laws. See id. (rape shield laws "apply to situations where the government chooses to prosecute a case, and offer[ ] anonymity to a victim who does not have a choice in or control over the prosecution").  Indeed, the public's interest in bringing defendants to justice for breaking the law—assuming that they did—is being vindicated in the criminal proceedings.

Third, Shakur has been publicly accused. If plaintiff were permitted to prosecute this case anonymously, Shakur would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity. *See Southern Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713 (Because "the mere filing of a civil action against ... private parties may cause damage to their good names and reputation," "[b]asic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits "must [sue] under their real names."); *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D.Miss.1987) ("[B]y filing her complaint, the plaintiff has levelled serious charges against the defendants, and has specifically identified them in the complaint.").

*Shakur*, 164 F.R.D. at 361.

In *Doe v. Hartz*, 52 F.Supp.2d 1027 (N.D. Iowa 1999), the plaintiff, an adult, alleged that she was subjected to sexual abuse by a priest.  Like the court in *Shakur*, the court in *Hartz* focused on the unfairness and prejudice to defendants that would result if plaintiff was permitted to proceed anonymously:

[T]here is considerable appeal to the defendants' argument that they should not be held up to public ridicule while their accuser remains anonymous, when it is their accuser who has focused public attention on the circumstances she finds embarrassing. *See Shakur,* 164 F.R.D. at 361 (concluding that, "[o]n balance," plaintiff's concerns were "outweighed" by several considerations, including the fact that "the plaintiff has chosen to bring this lawsuit [and][f]airness requires that she be prepared to stand behind her charges publicly," as well as the fact that the defendant "ha[d] been publicly accused"). The court considers it appropriate here to weigh the speculative nature of the potential harm to Doe from revealing her identity against the very real embarrassment her accusations have already caused the defendants.

*Hartz*, 52 F. Supp. 2d at 1048.

The court also stated that the public has a substantial interest in the accuracy of the factual allegations and the potential for liability of the various defendants, both because of the potential that plaintiff's claims may be vindicated, and because spurious allegations against religious figures may be exposed.

9

The 2007 district court decision in *Rose v. Beaumont Independent School Dist.*, 240 F.R.D. 264 (E.D. Tex. 2007) bucks the arguable trend of more recent cases to grant motions to proceed anonymously in sexual assault or abuse cases. Although recognizing plaintiff's concerns based on the sexual nature of the case, the court concluded that "fundamental fairness demands [plaintiff] not be allowed to cast aspersions against the public school system and its educators by hiding behind a pseudonym." 240 F.R.D. at 268. The court further stated that "it is appropriate to require Plaintiff to stand publicly behind these accusations, especially in light of the fact that they are made in pursuit of monetary relief. Requiring Plaintiff to litigate this case using her real name will also permit the public to know who is using the courts to seek justice for an alleged wrong." *Id.*

Both lines of cases make legitimate arguments for and against granting of anonymity to plaintiffs in sexual assault or abuse cases. The stronger the showing that plaintiff makes regarding the psychological injury she will suffer if her identity is publicly disclosed, the more likely it is that the motion to proceed anonymously will be granted.

The allegations in this case are somewhat unusual even in the context of cases involving allegations of sexual assault or sexual abuse. The complaint alleges that Defendant engaged in dissolute and personally degrading behavior that, at least initially, was not directed at harming the Plaintiff. Despite Defendant's alleged behavior, Plaintiff made several long distance trips to foreign countries to be with him. She continued to make such trips even after Defendant allegedly physically attacked and verbally abused her. Plaintiff's willingness to continue to associate with Defendant appears to have been based, in part, on the gifts that he made or promised to make to her. Plaintiff not only seeks to recover damages for the physical and mental injuries she allegedly suffered as a result of Defendant's abusive conduct, she also seeks to establish her legal right to the expensive watches, earrings, rings and luxury automobiles that Defendant either gave or promised to give her. *See Complaint,* Eighteenth and Nineteenth Causes of Action for Conversion and Fraudulent Misrepresentation. These allegations and claims call Plaintiff's credibility into question in a manner not generally found in other cases involving sexual assault or abuse.

Although Plaintiff alleges that she suffered mental anguish, including a diagnosis of P.T.S.D. that will require treatment in the future, she has not submitted a declaration describing her

10

1   physical or mental injuries in any detail.  Nor has she submitted any treatment records or

2   declarations by any physicians, psychiatrists or psychologists that support an assertion that she will

3   suffer substantial additional mental injury if her identity is publicly disclosed.  While the Court can

4   infer some such injury, Plaintiff has not demonstrated that it will be particularly severe in her case.

5   Defendants also point out that Plaintiff disclosed her real name in filing a motion for temporary

6   restraining order against Defendant in the Illinois state court which was based on the same

7   allegations alleged in this case.

8           The Court finds that Plaintiff has not made a strong showing that she will suffer substantial

9   emotional harm if she is required to prosecute this case in her true name.  Plaintiff's claim to

10  recover the expensive gifts allegedly given to her by Plaintiff also distinguishes this case from those

11  in which courts have protected the identities of sexual assault plaintiffs so that others similarly

12  situated will not be deterred from filing suit.  Under these circumstances, the unfairness and

13  prejudice caused to Defendants, as well as the public's interest in knowing who is using the courts

14  to seek justice for an alleged wrong, outweigh the Plaintiff's interest against public disclosure of

15  her identity.  The Court therefore denies Plaintiff's motion to proceed anonymously in this action

16  and directs her to file an amended complaint in her true name.

17          **2.      Plaintiff's Motion to Unseal the Complaint.**

18          This Court held in its July 18, 2014 order that a motion to seal all or part of a civil

19  complaint must satisfy the compelling reasons standard to overcome the strong presumption in

20  favor of public access as set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172

21  (9th Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) and other

22  cases.  *See Order (#30), pgs. 2-6.*  Because the complaint in this case contained fairly detailed

23  allegations of the principal Defendant's alleged dissolute, degrading or abusive behavior, *and*

24  because the complaint had not been served on Defendants and might never be served on them, the

25  Court partially granted Defendants' motion to seal.

26          The complaint has now been served or arguably served on Defendants, who have moved for

27  its dismissal primarily on jurisdictional grounds.  This action is now before this court for decision

28  on contested issues relating to jurisdiction and whether the complaint alleges a claim upon which

11

1  relief can be granted.  Just as the public has a right to know the Plaintiff's identity, it also has the

2  right to know what allegations are being made in this action in evaluating the outcome of any

3  judicial action that may take place, including the possibility that the action may be dismissed for

4  lack of personal or subject matter jurisdiction.

5  Defendants argue that the complaint should remain partially sealed because it contains

6  allegations that are highly embarrassing and damaging to the reputation of the Defendants.

7  *Defendant's Response (#55), pg. 6: 7-20.*  The courts have determined, however, that the "mere fact

8  that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to

9  further litigation will not, without more, compel the court to **seal** its records."  *Silvaggio v. Clark*

10  *County*, 2014 WL 2868418 (D. Nev.) *citing Kamakana*, 447 F.3d at 1179. (emphasis original).  *See*

11  *also Doe v. Public Citizen*, 749 F.3d 246, 269-270 (4th Cir. 2014); *Mann v. Boatright*, 477 F.3d

12  1140, 1148-1149 (10th Cir. 2007); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165,

13  1179 (6th Cir. 1983).

14  Defendants have also not demonstrated that the allegations in the complaint have been

15  made for an "improper purpose" that would justify the continued sealing of the complaint.  Any

16  complaint that contains allegations of egregious misconduct by a defendant could be considered to

17  have been filed for an improper purpose if the allegations are, in fact, false.  A defendant, however,

18  is not entitled to have a complaint sealed merely by asserting its falsity.  If this were the standard,

19  virtually any complaint that contains allegations that are embarrassing or damaging to the

20  defendant's reputation could be sealed until the allegations are proven.  That, of course, does not

21  comply with the legal standard for sealing judicial records.  The complaint in this case involves

22  alleged conduct, some of which occurred solely between the Plaintiff and the Defendant, and other

23  conduct which was allegedly witnessed by others and which can potentially be established by

24  witness testimony or through records such as the exhibits attached to the complaint.  No

25  determination can be made from the face of the complaint, that it is based on nothing more than

26  unsubstantiated rumors, gossip or innuendo.

27  Defendants have also misinterpreted the Court's statement in Order (#30) that "[n]ot all of

28  the factual allegations in the complaint or exhibits attached thereto are necessary to satisfy

Fed.R.Civ.Pro. 8(a)(2)'s requirement that the complaint provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" The Court made that statement in the context of temporarily sealing portions of the complaint which contained detailed factual allegations which were particularly embarrassing or damaging to the principal Defendant's reputation, but which would not deprive the public from understanding the nature of the claims if those parts were temporarily sealed. This does not mean, however, that the allegations are redundant, immaterial, impertinent, or scandalous such that they should be stricken pursuant to Fed.R.Civ.Pro. 12(f).

As stated in *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. " Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* The allegations which the court previously sealed do, in fact, materially relate to Plaintiff's claims against the Defendant. The Court therefore declines to seal those paragraphs on the grounds set forth in Rule 12(f).

## CONCLUSION

The Court concludes that Plaintiff has not established sufficient grounds to proceed anonymously in this action. The Court also concludes that there is no longer a basis upon which sealing portions of the complaint can be justified under the compelling reasons standard. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed Anonymously (#31) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Unseal Complaint (#52) is **granted**. The Clerk of Court shall unseal the Complaint (#28) on **October 31, 2014**, unless an objection to this Order is timely filed, in which case the Complaint shall remain partially sealed until an order denying the objection.

. . .

**IT IS FURTHER ORDERED** that on or before **October 31, 2014**, Plaintiff shall file an amended complaint which identifies her by her true name.  If Plaintiff objects to this order, then she shall file an amended complaint as directed herein within seven days after entry of an order denying her objection.  Because the required amendment is only for the purpose of identifying Plaintiff by her true name, the amended complaint shall otherwise be subject to Defendants' pending motions to dismiss or strike the original complaint.

DATED this 15th day of October, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge