UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JESSICA HENNING,

    Plaintiff,

    v.

CHEERAG ARYA, *et al.*,

    Defendants.

Case No. 2:14-cv-00979-RFB-GWF

**<u>ORDER</u>**

## I. INTRODUCTION

This case is before the Court on two Motions to Dismiss filed by Defendants Cheerag Arya ("Arya"), JBF RAK, LLC ("JBF"), and Veena Arya. ECF Nos. 50, 59. Plaintiff Jessica Henning originally brought this case in state court, alleging tort and breach of contract claims against Defendants, who are residents of the United Arab Emirates (UAE) and India, respectively. In their motions, Defendants argue that this case should be dismissed for lack of personal jurisdiction. In the alternative, Defendants seek dismissal based on the doctrine of *forum non conveniens*. Following oral argument, the Court denied both motions on September 22, 2015, ordered that the parties engage in jurisdictional discovery, and stated that it would issue a written order summarizing its rulings. This Order follows.

## II. BACKGROUND

At the hearing on September 22, 2015, the Court stated on the record the facts alleged in Hennings Amended Complaint. The Court incorporates those alleged facts here.[1]

At the September 22, 2015 hearing, the Court granted in part and denied in part Defendants

---

[1] The Court also incorporates the additions made to the record by Henning's counsel. See Tr. at 7-8, ECF No. 90.

JBF and Arya's Motion to Dismiss and to Strike. For the reasons stated on the record at the hearing, the Court dismissed JBF from the case for lack of personal jurisdiction, but denied the motion without prejudice as to Arya and ordered that the parties engage in a 90-day period of jurisdictional discovery. The Court granted Veena Arya's Motion to Dismiss, finding for the reasons stated at the hearing that it lacked personal jurisdiction over her.

The Court notes that JBF and Arya's Motion to Dismiss also argued that the case should be dismissed based on the doctrine of *forum non conveniens*. While the Court denied the motion at the hearing, it did not explain its reasoning. This Order sets forth the Court's reasons for that denial.

At the September 22, 2015 hearing, the Court also granted in part and denied in part JBF's and Arya's Motion to Strike and stated that it would issue a written order identifying the portions of the pleadings to be stricken. ECF No. 51. The Court does so through this Order.

### III. DISCUSSION

#### A. Forum Non Conveniens

A district court may "decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001). "A forum non conveniens determination is committed to the sound discretion of the district court." Id. at 1143.

A party moving to dismiss on grounds of *forum non conveniens* must "show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Boston Telecomm. Grp. v. Wood, 588 F.3d 1201, 1206 (9th Cir. 2009) (internal citation and quotation marks omitted).

##### 1. *Adequate Alternative Forum*

"The defendant bears the burden of proving the existence of an adequate alternative forum." Lueck, 236 F.3d at 1143 (quoting Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir. 1983)). Where the plaintiff is a U.S. citizen, this burden is heavy and the plaintiff's choice of forum is entitled to greater deference. Lueck, 236 F.3d at 1143. "An alternative forum ordinarily exists

when the defendant is amenable to service of process in the foreign forum." Lueck, 236 F.3d at 1143. Additionally, "[t]he foreign forum must provide the plaintiff with some remedy for [her] wrong in order for the alternative forum to be adequate." Id. "However, it is only in rare circumstances . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all, that this requirement is not met." Id. (internal quotation marks omitted).

Here, Arya[2] has met his burden of showing the existence of an adequate alternative forum. Arya has acknowledged that he is amenable to service of process in the UAE. He has also established that "some remedy" is available to Henning in the UAE. Henning argues that she cannot obtain a fair trial in the UAE, particularly because Arya is very wealthy and because the UAE does not allow a man and a woman to cohabitate before marriage. The Ninth Circuit and Supreme Court have held, however, that "a foreign forum will be deemed adequate unless it offers no practical remedy for the plaintiff's complained of wrong." Lueck, 236 F.3d at 1144. While the Court agrees that Henning has raised serious concerns about her ability to receive a fair trial under the unique circumstances of her case, she has not presented sufficient evidence to show that she would be incapable of obtaining any practical remedy from a court in the UAE. Despite its concerns, the Court cannot make such a ruling based on the scant evidence before it on this issue.

### 2. *Balance of Private and Public Factors*

Even if the defendant proves that an adequate alternative forum exists, "[o]rdinarily, a plaintiff's choice of forum will not be disturbed unless the private interest and the public interest factors strongly favor trial in a foreign country." Lueck, 236 F.3d at 1145 (internal quotation marks omitted). Here, the Court finds that these factors do not strongly favor trial in the UAE. Therefore, this case will not be dismissed based on *forum non conveniens*.

1. Private Interest Factors

The private interest factors to be weighed are as follows: "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and

---

[2] Although the motion was filed by both Arya and JBF, the Court shall analyze it with respect to Arya only because JBF has already been dismissed from the case.

other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive." Lueck, 236 F.3d at 1145 (internal quotation marks omitted). "The district court should look to any or all of the above factors which are relevant to the case before it, giving appropriate weight to each." Id.

Here, the Court finds that the private interest factors do not strongly weigh in favor of dismissal. While JBF and Arya are residents of the UAE and several witnesses to Arya's alleged violent acts are located there, Henning is a resident of Nevada, and therefore her decision to sue in a Nevada court is entitled to great deference. Id. at 1143. Moreover, Henning has argued that there are likely to be several witnesses in this case located in Nevada and elsewhere in the United States. The Court further finds that given Arya's wealth, litigating in the UAE would be far more inconvenient to Henning (and costly relative to her ability to pay) than doing so in Nevada would be to Arya. The Court is also mindful of the fact that Henning alleges that she suffered significant physical and mental trauma while in the UAE due to the actions of a wealthy and successful UAE resident, and that requiring her to litigate there may subject her to additional mental trauma or additional costs to ensure security.

Further, although some potentially important physical evidence and witnesses are located in the UAE and it is possible that those witnesses may not be capable of being compelled to testify here, the Court finds that a significant portion of this case will hinge on the testimony of the parties themselves and their experts. The physical evidence and witnesses located in the UAE are thus of reduced importance in comparison to the residences of the parties themselves and the inconvenience the forum would pose for each party. See Lueck, 236 F.3d at 1146 ("[A] court's focus should not rest on the number of witnesses or quantity of evidence in each locale. Rather, a court should evaluate the materiality and importance of the anticipated [evidence and] witnesses' testimony and then determine[ ] their accessibility and convenience to the forum.") (alterations in original) (internal quotation marks omitted). Finally, Arya argues that a judgment in this Court would be unenforceable in the UAE if UAE courts would have had jurisdiction over the matter in the first place. This argument is unavailing for two reasons. First, Arya has not shown that UAE

courts would have jurisdiction over this case. Second, Arya has not rebutted Henning's argument that she could nonetheless enforce a judgment against his assets located elsewhere around the world, including in the United States.

### 2. Public Interest Factors

The public interest factors are as follows: "(1) [the] local interest of [the] lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum." Lueck, 236 F.3d at 1147.

The Court concludes that the public interest factors also do not weigh in favor of dismissal. Nevada has a strong interest in ensuring that its citizens are able to obtain redress for their injuries. The Court also finds that litigating this suit in Nevada would not impose great costs or burdens on the courts, local juries, or the parties. Further, while some or all of Henning's claims may be governed by UAE law, the Court does not find the application of another jurisdiction's tort laws to be particularly difficult or burdensome.[3]

On balance, the private and public factors favor retaining jurisdiction in this forum. This is far from the showing required in order to justify dismissal under *forum non conveniens*. Therefore, JBF and Arya's motion to dismiss on this basis is denied.

### B. Motion to Dismiss for Improper Service

Arya also moves to dismiss this case under Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to effect proper service. Once the defendant challenges service, the plaintiff has the burden of establishing its validity under Rule 4 of the Federal Rules of Civil Procedure, which governs service of process in federal courts. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). If the court finds that service was improper, it has the discretion to dismiss the action or to quash service. S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

Here, Arya was served in the UAE. ECF No. 42. The validity of the service is therefore governed by Rule 4(f), which sets forth the rules for serving an individual in a foreign country.

---

[3] As this case does not implicate a federal statute requiring venue in the United States, the Court need not make a choice of law determination at this time. Lueck, 236 F.3d at 1148.

Rule 4(f) states as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by:
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Here, the Court agrees with Arya that whether service was valid depends on whether Henning complied with Rule 4(f)(2)(A) by effecting service "as prescribed by [the UAE's] law for service . . . in an action in its courts of general jurisdiction." The other methods of service provided in Rule 4(f) do not apply in this particular case.[4]

Personal service in actions in the UAE is governed by that country's Federal Law No. 11

---

[4] Rule 4(f)(1) does not apply because, as Arya correctly points out, the UAE is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and Henning has not identified any other internationally agreed means of service. Rule 4(f)(2)(B) is inapposite because Henning has not shown that she attempted to send a letter rogatory or letter of request. Similarly, Henning has not established that she delivered the summons and complaint by personal service or by using mail addressed and sent by the clerk requiring a signed receipt as required by Rule 4(f)(2)(C)(i) and (ii).

1  Concerning Civil Procedures. Arya's objections to service are centered on Henning's alleged
2  failure to comply with Article 7 of that law. Article 7 requires that a person be served with a
3  notification paper or document that lists the following: the date and time of notification of the
4  action; the name, title, occupation, and home and business address of the person requesting
5  notification, as well as the same information for any person who represents him; the name, title,
6  occupation, and home address of the person to be notified; the name and position of the person
7  delivering the notice, along with "the authority he belongs to and his signature under both the
8  notification's original and copy"; the subject matter of the notification; and the name, title, and
9  signature, seal, or fingerprint of the person receiving the notification. Article 13 provides that
10  "[t]he procedure shall be null if the law has stipulated expressly its nullity or if it has been impaired
11  with a defect or an essential imperfection because of which the procedure['s] purpose has not been
12  fulfilled. In case the procedure['s] purpose has been proved, the nullity shall not be decided . . . ."

13  Arya was served on July 15, 2014. ECF No. 42. Henning's process server delivered a copy
14  of the summons and complaint to Arya's residence on that date, leaving the documents with Arya's
15  sister because Arya was out of the country. Id. The process server's affidavit states that he entered
16  his name and the date and time of service in the corner of the summons and complaint that was
17  left with Arya's sister. Id.

18  Here, the Court finds that service on Arya was valid. Henning substantially complied with
19  UAE law governing service of process such that the purposes of the procedures set forth in that
20  law were fulfilled. Arya argues first that Henning failed to provide them a "notification document."
21  But Article 7 of the UAE's Federal Law No. 11 does not specify that the notification document
22  must take any particular form. Under these circumstances, the Court finds that the summons was
23  capable of serving as a notification document that could fulfill the requirements of Article 7. The
24  summons states Arya's name and address, and while it does not do the same for Henning (who
25  was listed as "Jane Doe" at the time), it does provide the name, title, business address, and
26  telephone number of her counsel. ECF No. 24-1. The summons also clearly states that a lawsuit
27  has been filed against Arya and gives the date it was issued from the Clerk of Court. Id.

28  It is certainly true that the summons did not comply perfectly with UAE law—for example,

it did not list Arya's title or occupation and apparently did not include the process server's signature or any information as to the process server's position or "authority he belongs to." Similarly, Henning has not shown that the process server obtained the signature, seal, or fingerprint of Arya or his sister. However, under these circumstances, the Court nonetheless finds that the primary purposes of Article 7—providing adequate notice and avoiding prejudice to the defendant—were not impaired by these minor defects.[5] The delivery of the summons and complaint contained the essential information required to identify the party to be served and provide notice to him of the nature of the suit and the time within which he was required to respond. Moreover, the Court notes that while Arya was not served until July 15, 2014, he was aware of the Complaint at least as early as May 23, 2014, on which date he filed a Motion to Seal the Complaint in Nevada state court. Pet. for Removal Ex. D, ECF No. 1. Thus, there is no doubt that Arya had actual notice of the Complaint and was not prejudiced by the minor defects identified above. For these reasons, the Court finds that Henning served Arya "by a method that is reasonably calculated to give notice as prescribed by [UAE] law for service" in satisfaction of Rule 4(f). Arya's motion to dismiss on this basis is denied.

### C. Failure to State a Claim

Next, Arya argues that several of the counts in Henning's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. As the Court has granted limited discovery in this case to decide the issue of whether it has personal jurisdiction over Arya, this request is denied without prejudice. The Court shall permit Arya to reassert this defense after the close of jurisdictional discovery and the Court's decision, if any, on personal jurisdiction.

### D. Motion to Strike

---

[5] See Travelers Cas. & Surety Co. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("So long as a party receives sufficient notice of the complaint, Rule 4 is to be liberally construed to uphold service.") (internal quotation marks omitted); Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994) ("Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint. Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice.") (citation omitted).

1    Finally, Arya argues in the alternative that certain allegations in the Amended Complaint
2    should be stricken as immaterial, impertinent, and scandalous. "The court may strike from a
3    pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
4    Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time
5    and money that must arise from litigating spurious issues by dispensing with those issues prior to
6    trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510
7    U.S. 517 (1994) (alteration in original) (internal quotation marks omitted). District courts also have
8    inherent power to control their own dockets, including the power "to determine what appears in
9    the court's records" and to strike items from the docket to address conduct that is improper but
10   does not warrant dismissal. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir.
11   2010).

12   "Immaterial matter is that which has no essential or important relationship to the claim for
13   relief or the defenses being pleaded." Id. (quoting 5 Charles A. Wright & Arthur R. Miller, Federal
14   Practice & Procedure § 1382, at 706-07 (1990)). "Impertinent matter consists of statements that
15   do not pertain, and are not necessary, to the issues in question." Fantasy, 984 F.2d at 1527 (internal
16   quotation marks omitted). Scandalous matter "is that which improperly casts a derogatory light on
17   someone, most typically on a party to the action," and which describes acts or events not relevant
18   to the action. 5C Federal Practice & Procedure § 1382 (3d ed. 2015).

19   Here, Arya argues that many of the allegations in the Amended Complaint are
20   unnecessarily inflammatory, have no relevance to the action, and cast him in a cruelly derogatory
21   light. In response, Henning contends that all of the contested allegations are related to her various
22   claims against Arya, that Arya's motion to strike is an attempt to cover up his actions, and that to
23   the extent the allegations embarrass Arya or cast him in a derogatory light, they do not do so
24   improperly because they are part of the factual basis for her tort and breach of contract claims.

25   The Court agrees with Henning that the vast majority of the allegations in the Complaint,
26   while potentially embarrassing to Arya, are not immaterial, impertinent, or scandalous within the
27   meaning of Rule 12(f). The allegations that Arya threatened and struck Henning and that he made
28   misrepresentations and took her property are relevant to her tort claims against him. Similarly, the

allegations regarding Arya's consumption of alcohol—and his communications to Henning asking her not to end their relationship, to continue to travel to meet with him, and promising that he would reform his behavior—serve as part of the basis for Henning's fraudulent misrepresentation claim, in which she alleges that Arya made false representations to induce her to reconcile with him and continue to travel to foreign countries to meet with him.

The Court does find, however, that certain allegations in the Amended Complaint relating to Arya's behavior when he consumed alcohol have no relevance to this action and improperly cast him in a derogatory light. Therefore, the Court orders that the following portions of the Amended Complaint be stricken:

- **Paragraph 12:** Henning shall strike the words in the second sentence that follow "Defendant Cheerag Arya drank alcohol to excess" and precede "and went to sleep . . . ." Henning shall also strike the third sentence.
- **Paragraph 27:** Henning shall strike the fourth sentence.

### IV.  CONCLUSION

For the reasons stated in this opinion,

**IT IS THEREFORE ORDERED** that Defendants Cheerag Arya and JBF RAK, LLC's Motion to Dismiss (ECF No. 50) is GRANTED IN PART and DENIED IN PART. As ordered by the Court on September 22, 2015, JBF RAK, LLC is dismissed from this action. The motion is denied without prejudice with respect to Cheerag Arya.

**IT IS FURTHER ORDERED** that Defendants Cheerag Arya and JBF RAK, LLC's Motion to Strike (ECF No. 51) is GRANTED IN PART and DENIED IN PART. Within **14 days** of the date of entry of this Order, Plaintiff Jessica Henning shall file a Second Amended Complaint that omits the portions to be stricken, as identified by the Court in this Order. After the Second Amended Complaint is filed, the Clerk of Court shall strike the First Amended Complaint.

DATED: July 26, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**