UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JESSICA HENNING,

    Plaintiff,

v.

CHEERAG B. ARYA,

    Defendant.

Case No. 2:14-cv-00979-RFB-NJK

ORDER

## I. INTRODUCTION

Before the Court is Defendant Cheerag B. Arya's Motion to Strike the Second Amended Complaint, ECF No. 169, and Motion to Dismiss the Second Amended Complaint, ECF No. 170. Plaintiff Jessica Henning opposed both motions, ECF Nos. 180 and 181, and Arya replied, ECF Nos. 184 and 185.

## II. BACKGROUND

The Court incorporates the background section herein from its previous orders, ECF Nos. 137 and 163, and emphasizes the following:

Henning sued Arya in May 2014 in state court, alleging multiple state law claims.[1] ECF No. 41-1. Arya removed the matter to this Court and then moved to dismiss the initial Complaint for lack of jurisdiction. ECF Nos. 1, 50. Before the initial Motion to Dismiss was resolved, Henning filed a First Amended Complaint on October 30, 2014 based on the Court denying

---

[1] Henning also sued additional defendants, all of whom have been dismissed from this matter. ECF Nos. 83, 89, 137.

Henning's Motion to proceed anonymously and granting Henning's motion to unseal the initial Complaint. ECF Nos. 67 (Court's Order on Motions), 70 (Amended Complaint).

The Court then held a hearing on the initial Motion to Dismiss on September 22, 2015. ECF No. 89, 137. The Court denied the motion as it related to Arya and allowed for jurisdictional discovery. ECF No. 89. The Court followed its oral ruling with a written order on July 26, 2016 ("July 2016 Order"), in which the Court ordered Henning to strike specific derogatory language from the Amended Complaint. ECF No. 137. The Court also ordered Henning to file a Second Amended Complaint within fourteen days. Id.

However, after jurisdictional discovery closed, Arya moved to dismiss the matter again. ECF No. 130. The Court entertained oral arguments on the renewed Motion to Dismiss on August 3, 2016. ECF No. 139. The Court concluded the hearing by ordering Henning to refrain from filing a Second Amended Complaint until after the renewed Motion to Dismiss was resolved. Id.

The Court issued its order on the renewed Motion to Dismiss on September 30, 2017 and a subsequent written order on July 1, 2018 ((July 2018 Order"), dismissing all claims but Claim Seventeen (Fraudulent Misrepresentation) and Claim Eighteen (Conversion). ECF Nos. 143, 163.

The Court then held a status conference on July 9, 2018. ECF No. 164. During the status conference, the Court emphasized that the surviving claims were limited according to its July 2018 Order but clarified that the claims could potentially be related to other information. ECF No. 166 at 3–5. The Court also gave Henning two weeks to file the Second Amended Complaint. Id.

Henning filed her Second Amended Complaint on July 23, 2018. ECF No. 167; see also ECF No. 168 (Errata to Second Amended Complaint). Arya now moves to strike the Second Amended Complaint and to dismiss the Second Amended Complaint, arguing the amendments exceed the leave allowed for by the Court. ECF No. 169, 170.

### III. DISCUSSION

The Court first considers Arya's Motion to Strike the Second Amended Complaint and then his Motion to Dismiss the Second Amended Complaint.

    **A.**     **Motion to Strike the Second Amended Complaint**

Arya first seeks an order that strikes the Second Amended Complaint or that directs Henning to file a Third Amended Complaint to omit allegations and exhibits not related to the at-issue property in the First Amended Complaint. ECF No. 169 at 4.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (alteration in original) (internal quotation marks omitted). District courts also have inherent power to control their own dockets, including the power "to determine what appears in the court's records" and to strike items from the docket to address conduct that is improper but does not warrant dismissal. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010).

The Court finds that no basis exists to strike the entirety of the Second Amended Complaint. Henning omitted the sentences and phrase that were ordered stricken in the July 2016 Order. The Court did not order that all allegations originally offered as support for the now dismissed claims also be stricken. To the contrary, the Court recognized that allegations containing other information may be appropriate when filing the Second Amended Complaint during a subsequent status conference. See ECF No. 169-1 at 4–5. The allegations, while initially serving to support distinct causes of action, offer context to support the surviving claims. Thus, while the Court will consider motions to exclude irrelevant factual allegations from trial in a later phase of litigation, the Court denies Arya's request that the Second Amended Complaint be stricken in its entirety at this time.

However, the Court finds that the Second Amended Complaint reasserts a claim for conversion regarding a Ferrari California Automobile. The Court previously dismissed the same claim in its July 2018 Order. See ECF No. 163 at 19. Thus, the Court orders that the reference to the Ferrari California Automobile in Paragraph 164 of the Second Amended Complaint be stricken. Henning's claims shall not proceed on the bases of the Ferrari California Automobile.

///

**B. Motion to Dismiss the Second Amended Complaint**

The Court now turns to Arya's Motion to Dismiss the Second Amended Complaint. Arya seeks an order dismissing the operative complaint, arguing that Henning added new time-barred claims without leave of the Court in violation of Rule 15(a)(2) and that the Court lacks jurisdiction over Arya with respect to the new claims.

The Court first find that Henning did not add new claims. The Second Amended Complaint asserts only two claims: Fraudulent Misrepresentation and Conversion—the two claims that survived the Court's July 2018 Order. While additional background allegations, or further explanations of previously included background allegations, were included in the Second Amended Complaint, the two asserted claims are consistent with the July 2018 Order. But to be clear, the additional background allegations cannot later serve as independent bases of fraud or conversion; the allegations will be allowed for background information only.[2]

The Court also finds that the Second Amended Complaint is not time barred by Nevada's three-year statute of limitations. Because no new claims were added to the Second Amended Complaint and the initial Complaint was filed within three years of the alleged conduct, the statute of limitations is not triggered.

The Court finally finds that Henning's amendment comported with the Court's July 2018 Order. Amendment of pleadings is governed by Rule 15 if leave to amend is requested prior to the expiration of the deadline for amending pleadings as set forth in the scheduling order, if one has been entered. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (stating that Rule 16 applies where a court has "filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline [has] expired" before the filing of the motion to amend). Rule 15 requires a party to obtain the opposing party's written consent or the court's leave before amending a pleading after the initial twenty-one-day window to do so freely. Fed. R. Civ. P. 15(a)(2). Because the Court's July 2018 Order directed Henning to file a second

---

[2] Because any novel background allegations will not be accepted as independent bases for Henning's claims, the Court need not reach Arya's arguments regarding personal jurisdiction in relation to the allegations concerning property not mentioned in the first two versions of Henning's Complaint.

amendment to her initial Complaint, Henning had the Court's leave to do so. The requirements of Rule 15 were therefore satisfied.

### IV. CONCLUSION

**IT IS ORDERED** that Defendant Cheerag B. Arya's Motion to Strike [169] is GRANTED in part. The Court strikes the reference to the Ferrari California Automobile in Paragraph 164 of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant Cheerag B. Arya's Motion to Dismiss [170] is DENIED.

DATED: December 17, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**