UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JESSICA HENNING,

    Plaintiff/Counter-Defendant,

v.

CHEERAG B. ARYA,

    Defendant/Counter Claimant.

Case No. 2:14-cv-00979-RFB-NJK

**ORDER**

**I.    INTRODUCTION**

Before the Court is Plaintiff Jessica Henning's Motion to Strike Defendant Cheerag B. Arya's Answer to the Amended Complaint. For the following reasons, the Court grants the motion.

**II.   BACKGROUND**

The Court incorporates the background section herein from its previous orders, ECF Nos. 137, 163, and 186 and emphasizes the following:

Henning sued Arya in May 2014 in state court, alleging multiple state law claims.[1] ECF No. 41-1. Arya removed the matter to this Court and then moved to dismiss the initial Complaint for lack of jurisdiction. ECF Nos. 1, 50. Before the initial Motion to Dismiss was resolved, Henning filed a First Amended Complaint on October 30, 2014 based on the Court denying Henning's Motion to proceed anonymously and granting Henning's motion to unseal the initial Complaint. ECF Nos. 67 (Court's Order on Motions), 70 (Amended Complaint).

The Court then held a hearing on the initial Motion to Dismiss on September 22, 2015.

---

[1] Henning also sued additional defendants, all of whom have been dismissed from this matter. ECF Nos. 83, 89, 137.

ECF No. 89, 137. The Court denied the motion as it related to Arya and allowed for jurisdictional discovery. ECF No. 89. The Court followed its oral ruling with a written order on July 26, 2016 ("July 2016 Order"), in which the Court ordered Henning to strike specific derogatory language from the Amended Complaint. ECF No. 137. The Court also ordered Henning to file a Second Amended Complaint within fourteen days. Id.

However, after jurisdictional discovery closed, Arya moved to dismiss the matter again. ECF No. 130. The Court entertained oral arguments on the renewed Motion to Dismiss on August 3, 2016. ECF No. 139. The Court concluded the hearing by ordering Henning to refrain from filing a Second Amended Complaint until after the renewed Motion to Dismiss was resolved. Id.

The Court issued its order on the renewed Motion to Dismiss on September 30, 2017 and a subsequent written order on July 1, 2018 ((July 2018 Order"), dismissing all claims but Claim Seventeen (Fraudulent Misrepresentation) and Claim Eighteen (Conversion). ECF Nos. 143, 163.

The Court then held a status conference on July 9, 2018. ECF No. 164. During the status conference, the Court emphasized that the surviving claims were limited according to its July 2018 Order but clarified that the claims could potentially be related to other information. ECF No. 166 at 3–5. The Court also gave Henning two weeks to file the Second Amended Complaint. Id.

Henning filed her Second Amended Complaint on July 23, 2018. ECF No. 167; see also ECF No. 168 (Errata to Second Amended Complaint). Arya moved to strike and dismiss the complaint. ECF Nos. 169, 170. The Court denied and granted the motion to strike in part and denied the motion to dismiss. ECF No. 186. Arya filed his answer and asserted a counterclaim against Henning on January 14, 2019. ECF No. 191. On April 17, 2019, the Court granted a motion to withdraw all attorneys of record as to Arya. ECF No. 206. Henning moved to strike Arya's answer on May 9, 2019. ECF No. 207. No opposition was filed.

**III. DISCUSSION**

Rule 37 of the Federal Rules of Civil Procedure allow the Court to impose sanctions, including the striking of pleadings in whole or in part, when a party fails to attend its own deposition. Fed. R. Civ. P. 37(d)(3). District courts also have inherent power to control their own dockets, including the power "to determine what appears in the court's records" and to strike items

from the docket to address conduct that is improper but does not warrant dismissal. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010).

The Court finds that striking of the answer is warranted. Henning has sufficiently demonstrated that Arya willfully and repeatedly avoided being available for his deposition, which was rescheduled three times to accommodate him. See Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406 (9th Cir. 1990)(corporation's repeated failure to appear at scheduled depositions warranted default). Furthermore, local rules allow the Court to construe Arya's failure to oppose the motion as consent to its granting. LR 7-2 (d).

### IV. CONCLUSION

**IT IS ORDERED** that Plaintiff Jessica Henning's Motion to Strike [155] [191] Answer to Amended Complaint (ECF No. 207) is GRANTED. The Court strikes Defendant Cheerag B. Arya's Answers and Counterclaim (ECF Nos. 155, 191) in their entirety.

DATED April 10, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**